THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| THE ESTATE OF JULIO GUERRERO,)<br> et al.,<br>   Plaintiffs,          )<br><br>         vs.          )<br><br><br>SCOTT CROWTHER, and          )<br>JOHN DOES I-X,<br>                  )<br>   Defendants. | 2:16-cv-00857-DS<br><br><br>MEMORANDUM DECISION<br>AND ORDER |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## I. INTRODUCTION

On February 9, 2015, Mario A. Lucero, an inmate at the Utah State Prison serving a sentence for murder, was placed in a cell  with Julio Guerrero, who was serving a sentence for robbery.  The cell they occupied did not have a functioning security button that enables inmates to summon assistance.  Prior occupants of the cell allegedly notified prison officials some two months earlier that the button did not work.  On February 10, 2015, prison officials discovered Mr. Guerrero dead in his cell.  Mr. Lucero was charged with Mr. Guerrero's death, and subsequently pled guilty to manslaughter.

Plaintiffs, the estate and heir of Mr. Guerrero, filed a complaint against the Warden of the Utah State Prison, Scott Crowther, and other unnamed defendants.[1]  Mr. Crowther moves to dismiss the claims against him in the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

---

[1]An Amended Complaint was subsequently filed.

.

## II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides that a complaint may be dismissed for failure to state a claim upon which relief can be granted.  To avoid dismissal the complaint must plead sufficient facts, that when taken as true, provide "plausible grounds" that "discovery will reveal evidence" to support plaintiff's allegations. *Bell Atlantic Corp. V. Twombly*, 550 U.S. 544, 556 (2007).  The burden is on the plaintiff to frame a "complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief. *Id.*  "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*. A plaintiff must provide more than labels, conclusions, and a formulaic recitation of the elements of a claim. *Id*. at 555.  The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008).

## III.  DISCUSSION

The Amended Complaint contains three claims for relief, two claims alleging deprivation of rights under 42 U.S.C. § 1983, and one claim for violation of Article 1, Section 9 of the Utah Constitution.[2]

---

[2]The First Claim of the Amended Complaint is brought pursuant to § 1983  for deprivation of Mr. Guerrero's  rights against cruel and unusual punishment under the Eighth Amendment and Art. I, § 9 of the Utah Constitution.  There is no Second Claim, presumably due to an error in numbering the claims.  The Third Claim is also brought pursuant to § 1983 for failure to train and/or supervise resulting in deprivation of  rights against cruel and unusual punishment under the Eighth Amendment and Art. I, § 9 of the Utah Constitution.   The Fourth Claim alleges deprivation of rights under Art. I, § 9 of the Utah Constitution.

**A.  42 U.S.C. § 1883 - Sufficiency of Pleadings**

Section 1983 provides a private cause of action for a person subjected  "to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" by a person acting under color of state law.  42 U.S.C. § 1983.  The Eighth Amendment imposes a duty on prison officials to "provide humane conditions of confinement" and to "take reasonable measures to guarantee the safety of the inmates."  *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (internal quotation marks and citation omitted).  In particular, prison officials have a duty "to protect prisoners from violence at the  hands of other prisoners."  *Id*. at 833 ( (internal quotation marks and citation omitted).

The Tenth Circuit has provided instruction on  framing a proper § 1983 complaint.

[C]ommon to all § 1983 ... claims is the **requirement that liability be predicated on a violation traceable to a defendant-official's own individual actions**.  As relevant here, government **officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of** *respondeat superior*.

[However] .... government **officials may be held responsible** for constitutional violations **under a theory of supervisory liability**.  A plaintiff may therefore **succeed in a   § 1983 suit ... against a defendant-supervisor by demonstrating**: **(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation**.

Because § 1983 ... [is a vehicle] for imposing personal liability on government officials, we have stressed the **need for careful attention to particulars, especially in lawsuits involving multiple defendants**.  It is particularly **important that plaintiffs make clear exactly who is alleged to have done what to whom, ... as distinguished from collective allegations**.  **When various officials have taken different actions with respect to a plaintiff, the plaintiff's facile, passive-voice showing that his rights were violated will not suffice.  Likewise insufficient** is a plaintiff's more active-voice yet undifferentiated **contention that "defendants" infringed his rights**.  Rather it is **incumbent upon a plaintiff**

3

**to identify specific actions taken by a particular  defendants** in order to make out a viable § 1983 ... claim.

The **same particularized approach applies** with full force when a plaintiff proceeds **under a theory of supervisory liability**. Various officials often have different powers and duties.  A **plaintiff must therefore identify the specific policies over which particular defendants possessed responsibility** and **that led to the alleged constitutional violation**. ...

Of course, **in all cases, a plaintiff must show that each defendant acted with the requisite state of mind.**

*Pahls v. Thomas*, 718 F. 3d 1210, 1225-1226 (10th Cir. 2013) (internal quotation marks, citations, and alterations omitted) (emphasis added).

The essence of the Amended Complaint is that unnamed "Defendants",  aware of Mr. Lucero's history of violence and the broken cell security call button, nevertheless assigned Mr. Guerrero and Mr. Lucero to be cell mates resulting in the death of Mr. Guerrero**.**  *See* Am. Compl. ¶¶ 20, 22, 23, 30, & 31.   As to Mr. Crowther specifically, Plaintiffs allege: (1) that he was  the prison warden when Mr. Guerrero was murdered; (2) that he was responsible for prison policies and procedures; (3)  that he knew violent inmates have a greater propensity to assault other inmates; (4)  that he failed to provide adequate policies, procedures, or training to staff to prevent violent inmates from attacking other inmates; (5)  that he was deliberately indifferent to Mr. Guerrero's safety; and, (6) that his failures and indifference deprived Mr. Guerrero of his rights.  *See* Am. Compl. ¶¶ 3,,36, 37, 39 & 40.

After carefully reviewing the Amended Complaint, the Court agrees with Mr. Crowther's position that the Amended Complaint falls short of the basic requirements for pleading a § 1983 claim.

Plaintiffs have alleged **no facts regarding Crowther's personal participation** in the specific constitutional violation that led to Guerrero's death, nor have Plaintiffs alleged that Crowther had any involvement in the decision making process that led to Lucero and Guerrero being cellmates in a cell without a functioning security button. Instead, Plaintiffs **offer only conclusory statements regarding Crowther's knowledge of the general propensity of violent inmates and his authority as warden to execute policy and procedure**. It is the **Plaintiffs' burden at the pleading stage to allege sufficient facts to support their claims that Crowther had personal involvement** in the events that led to the violation of Guerrero's constitutional rights. **General conclusory statements about "defendants" are insufficient** under Tenth Circuit precedent. As such, the **allegations** in the Amended Complaint **fall short** ....

Mem. Supp. at 3 (emphasis added). The Court likewise, agrees with Mr. Crowther that "Plaintiffs **have not identified the specific policies over which Crowther, in particular, was responsible and that led to the alleged constitutional violation.**" *Id.* at 8 (emphasis added) . **Nor** have Plaintiffs **alleged sufficient facts that Mr. Crowther acted with the requisite state of mind**.[3]    In sum, with respect to Mr. Crowther's alleged involvement, Plaintiffs offer nothing but generalities, devoid of supporting factual allegations. Because of these shortcomings the § 1983 claims are subject to dismissal.

### B. Violation of Utah Constitution - Sufficiency of the Pleadings

Plaintiffs' remaining claim alleges that "Defendants" violated Article I, section 9 of the Utah Constitution. That section provides that "Excessive bail shall not be required; excessive fines shall not be imposed; nor shall cruel and unusual punishments be inflicted.

---

[3]"Because 'mere negligence' is not enough to hold a supervisor liable under § 1983, a plaintiff must establish that the supervisor acted knowingly or with 'deliberate indifference' that a constitutional violation would occur." *Serrna v. Colo. Dept. of Corr.*, 455 F.3d 1146, 1151 (10th Cir. 2006).

**Persons arrested or imprisoned shall not be treated with unnecessary rigor**." Utah

Const. Art. I, § 9 (emphasis added).

The requirements of a claim under Article I, section 9 of the Utah Constitution were

outlined by the Tenth Circuit in *Brown v. Larsen*, 653 Fed. Appx. 577 (10th Cir. 2016).

> To violate the clause, the Utah Supreme Court **requires the government action expose a person to a "substantial risk of serious injury**." *Dexter v Bosko,* 184 P.3d 592, 597 ¶ 19 (Utah 2008). ... And **"[w]hen the claim of unnecessary rigor arises from an injury**, a constitutional **violation is made out only when the act complained of presented a substantial risk of serious injury for which there was no reasonable justification at the time.**" *Id.* "[T]he **conduct** at issue," moreover, **must be "more than negligent to be actionable**." *Id*. at 597 ¶ 21**. In addition** to these demanding standards, a complainant **must also establish: (1) a "flagrant violation" of the Constitution: (2) "existing remedies" do not redress the injuries: and (3) equitable relief is inadequate**. *Jensen ex rel. Jensen v. Cunningham*, 250 P.3d 465, 478 ¶ 48 (Utah 2011).

> **To establish the "flagrant violation" element, the complainant must show "the conduct violates clearly established constitutional rights of which a reasonable person would have known.**" *Id*. at 482. ... In the **absence of clear, on point precedent recognizing the claimed right, the defendant's conduct must be egregious and unreasonable**. *Jensen*, 250 P.3d at 482 ¶ 67. *see also Dexter*, 184 P.3d at 598 ¶ 25 ("If an official knowingly and unjustifiably subjects an inmate to circumstances previously identified as being unnecessarily rigorous, that is obviously a flagrant violation. **Where a clear prohibition has not been previously known to the official, more may be required to establish a flagrant violation.**"). An officer **violates the unnecessary rigor clause in an egregious manner where his act presents an "obvious and known serious risk of harm" and he acts without "reasonable justification," knowing that risk**. *Dexter*, 184 P.3d 598 ¶ 25.

Id. at 578-579 (emphasis added). [4]

---

[4] It is worth noting that courts in this  district have held that where an injury can be redressed through a § 1983 claim, a plaintiff cannot state a claim for damages under the Utah Constitution.  *See, e.g., Cavanaugh v. Woods Cross City*, No. 1:08-cv-00032-TC-BCW, 2009 WL 4981591 (Utah. Dec. 14, 2009), *aff'd*, 625 F. 3d 661 (10th Cir. 2010).

Plaintiffs bring their claim under the unnecessary rigor clause of the Utah Constitution essentially alleging that unknown "Defendants", aware of Mr. Lucero's history and violent nature should have housed him alone and not with Mr. Guerrero, and that they should have fixed the security button. *See* Am. Compl ¶¶ 45-46. Plaintiffs' allegations that Mr. Crowther was responsible for policies and procedures at the prison but failed to protect inmates from assaulting other inmates, that he knew that inmates with a history of violence pose a danger to other inmates, and that he was deliberately indifferent to Mr. Guerrero's safety, are conclusory statements devoid of supporting factual allegations and are insufficient to support their claims. *See Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949-50 (2009) ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice" and "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations"). No supporting factual allegations reflect that Mr. Crowther's alleged actions presented a substantial risk of serious injury to Mr. Guerrero for which there was no reasonable justification. No supporting factual allegations regarding Mr. Crowther reflect that he knowingly and unjustifiably subjected Mr. Guerrero to circumstances previously identified as unnecessarily rigorous so as to constitute a flagrant violation. No supporting factual allegations reflect that Mr. Crowther's alleged conduct was egregious and unreasonable. No supporting factual allegations reflect that Mr. Crowther's alleged acts presented an obvious and known serious risk of harm and that he acted without reasonable justification knowing that risk. Plaintiffs do not allege any custom or policy implemented by Mr. Crowther that played a role in Mr. Guerrero's death. No supporting factual allegations reflect that Mr. Crowther personally participated in the alleged unconstitutional conduct, or that there is a causal

connection between his alleged action and the alleged deprivation.  And no factual allegations support a claim that Mr. Crowther knew anything about Mr. Guerrero's housing situation, or about the non-functioning security button.   Because of these shortcomings, Plaintiffs' Utah Constitutional claim is subject to dismissal.

### III. CONCLUSION

For the reasons stated, **Defendant Crowther's Motion to Dismiss the Amended Complaint against him (Doc. # 25) is granted without prejudice**.[5]

IT IS SO ORDERED.

Dated this 5th day of April, 2017

BY THE COURT:

DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[5]The Court need not and does not reach Mr. Crowther's other arguments.

8